MARTIN GLYNN, *et al.*, v. HOME BUILDING ASSOCIATION.

DEED, *Foreclosed as a Mortgage; No Error; Practice.* M. executed a note for $1,074, to obtain a loan from a building association. To secure the payment of the note, he and his wife executed to the association a conveyance of certain real estate, which was in form an absolute conveyance. Afterward, an action was brought to recover the amount due on the note, and to foreclose the deed as a mortgage, the petition alleging that the deed was executed and accepted to secure the loan. Defendants, M. and wife, answered that the deed was obtained by fraud, as they only signed and delivered it on the representations of the agents of the association that it was simply a mortgage to secure the note for $1,074. On the trial, the conveyance was treated as a mortgage by the court, and the judgment provided that in default of the payment of the sum found due from M. within a stated time, the premises should be sold to satisfy said sum and costs. *Held,* Under the issues in the case, not error for the court to refuse to submit to the jury the question, "Was this deed procured from the defendants by fraud on the part of the plaintiff?"

*Error from Leavenworth District Court.*

ACTION brought by the *Home Building Association*, of Leavenworth, Kansas, against *Martin Glynn* and his wife, *Catharine Glynn*, upon a note and mortgage by them executed to said association. The facts appear in the opinion. Trial at the March Term, 1875, of the district court, and judgment for the plaintiff. The defendants bring the case to this court.

*T. A. Hurd*, for plaintiffs in error.

*John C. Douglass, E. Stillings*, and *H. M. Herman*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The defendant in error commenced an action on February 1st, 1875, in the district court of Leavenworth county, to recover $3,829 and interest, alleged to be due from Martin Glynn, one of the plaintiffs in error, and to foreclose a deed, absolute in its terms, but intended by the parties as a mortgage, executed by both plaintiffs in error,

and also alleged to have been given as security for the payment of the money obtained by Martin Glynn.

Plaintiffs in error admitted the execution of a note to defendant in error by Martin Glynn, of $1,074, dated Aug. 8, 1870, and bearing interest at the rate of five-sixths of one per cent. per month, payable monthly, but stated in their answer that no money or other consideration had been received therefor; and further alleged that said absolute conveyance set forth in the petition was obtained by fraud on the part of the building association, in that said deed was represented to them solely as a mortgage to secure the payment of said promissory note of $1,074, and being illiterate persons they signed and executed said deed upon the belief and understanding that it was merely a mortgage. Other defenses were also set forth, but they are immaterial in view of the questions presented for our determination. Upon the trial, the jury returned a verdict for the association for $1,765.18, of which $565.18 was remitted by the association. Judgment was thereupon rendered against Martin Glynn for $1,200, and in default of the payment of said sum within a day stated, it was decreed that the premises described in the pleadings be duly sold to satisfy the judgment of $1,200 and costs. Upon the trial the plaintiffs in error requested the court to submit to the jury the question, " Was the deed procured from the defendants by fraud on the part of the plaintiff?" which was refused. This ruling is assigned for error, and presents about the only question in the case worthy of any consideration, and only a few words are necessary to dispose of that matter. It appears from the answer, that in the execution of the written instrument, which in form is an absolute conveyance, the parties signing and delivering it intended to execute a mortgage only. Now, while such instrument has the form of a deed, it was set forth in the petition as a mortgage executed solely as security for the payment of certain money obtained by one of its signers. It was treated on the trial by the court and all the parties simply as a mort-

gage; therefore no injury or prejudice resulted to the defendants in the court below (the plaintiffs in error here) from the refusal to submit the question asked. Indeed, under the pleadings, such question was not pertinent in the case. The deed, though absolute in form and intended as a mortgage only, was accepted as a mortgage, was sued upon as a mortgage, and was foreclosed as a mortgage. The fact that on its face it purported to be an absolute conveyance, did not make it such an instrument, nor prevent the court and parties from treating it as a mortgage. Equity looks to the substance and not to forms merely, and in equity the conveyance was what both the plaintiff and defendants called it — a mortgage — this, and nothing more. Under the pleadings, there was no issue of fraud in its procurement to be passed upon.

It is also contended that the court committed error in receiving as competent evidence a book of account of the association, to prove its laws, and the dues and fines due from Martin Glynn. The answer to this is contained in the statement of such alleged error, to wit, that the book was the only evidence offered of the demands of the association, other than the note of $1,074. As all was remitted from the verdict but an amount less than what was due on the note, the admission of the book is no cause of reversal. "No exception shall be regarded unless it is material and prejudicial to substantial rights."

In our view, the judgment is sustained by both the law and the evidence, and in the whole record we perceive no material error. (*Hekelnkœmper v. Building Association*, ante, p. 549; *Massey v. Building Association*, ante, p. 624.)

Therefore the judgment of the district court will be affirmed.

All the Justices concurring.