GEORGE NAY, *et al.,* V. AMANDA MOGRAIN.

1. DEEDS NOT PRODUCED; *Presumption.* Where, in an action to recover lands, the defendants claim title thereto by purchase, and the testimony discloses that they received deeds at the time of such alleged purchase, that these deeds are still in existence, and in their possesion, and they fail to produce them on the trial, or account for their non-production, the courts will not presume that such deeds are complete and sufficient, nor uphold the title simply upon parol testimony of a purchase.

2. STATUTE OF FRAUDS; *Parol Testimony; Payment; Entry and Improvement.* Where four persons, one an adult and the others minors, are joint owners of a tract of land, and certain parties claim to have purchased the interests of all four at a public sale, from one representing himself to be the attorney in fact of the adult and the guardian of the minors, and upon such purchase accept deeds from him simply as guardian, and purporting to convey only the interests of the minors, and after payment enter upon and improve the land, *held,* in an action brought many years thereafter, by the adult, to recover her interest in the land, that parol testimony that the understanding, both of the party selling and of the purchasers, was, that the sale was of the interest of the adult as well as that of the minors, together with proof of payment of full sum bid, to him or his successor as guardian, of delivery of possession, and the making of valuable improvements, would not take the case out of the statute of frauds, and that notwithstanding the title attempted to be conveyed by the guardian's deeds did not in fact pass. Payment alone does not take a parol sale out of the statute of frauds, and the entry and improvement must be taken to have been made upon the faith of the title attempted to be conveyed by the deeds, rather than of that claimed through the parol contract.

3. DEED, *as Evidence of Sale.* A deed signed and acknowledged, but never delivered, may be good as evidence tending to prove a sale, but as a conveyance or evidence of title, it amounts to nothing.

*Error from Neosho District Court.*

EJECTMENT, brought by *Mograin* against *Nay* and four others, to recover an undivided one-fourth of a tract of land in Neosho county. Trial by the court, at the November Term, 1878, and findings and judgment for the plaintiff. The nature of the action, and the facts, sufficiently appear in the opinion.

*L. Stillwell*, for plaintiffs in error.

*Hutchings & Denison*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment, brought by plaintiff, to recover the undivided one-fourth of a tract of land in Neosho county. The case was tried by the court, without a jury, findings of fact made, and a judgment entered in her favor. Her title was based on a patent to herself and three others, as the heirs of Charles Mograin. Defendants claimed to have purchased from her, through one John Moffitt, her attorney in fact. The other heirs were, at the time of the alleged sale, minors, and Moffitt, claiming to be their guardian, as well as the attorney in fact of plaintiff, sold the land to defendants. Passing by all the testimony in reference to the existence of any power of attorney, or any appointment as guardian, we turn to the findings concerning the sales and the conveyances executed by Moffitt:

"4th. That the only deed offered in evidence by the defendants, in support of their title to or right to occupy said lands, or for any other purpose, was one executed to George Nay on the 31st day of August, 1870, by 'John Moffitt, attorney in fact for Amanda Mograin,' conveying the north half of the northeast quarter of section thirty-three, town twenty-seven, range nineteen east, only.

"5th. That the deed referred to in the last finding was never in the possession of either of the defendants until after the trial of this case commenced; and that it has always remained in the possession of said Moffitt or plaintiff's attorneys at law, until delivered to defendants' attorney, for the purpose only of allowing them to offer it in evidence on the trial of this cause."

"12th. That John Moffitt claimed to have a power of attorney from plaintiff, dated and recorded prior to July 20th, 1870; and by virtue thereof, offered and attempted, on the 6th day of October, 1870, to sell the interest of the plaintiff in the lands in controversy; that said offer and attempt were made by said Moffitt to sell said interest of plaintiff, together

with the interests of her infant sisters and brother, in a lump, at public auction, to the highest bidder, and on credit — the said Moffitt claiming to act in the double capacity of guardian of said infants and attorney in fact of the plaintiff, and to have an order of the probate court to sell the interests of said infants, the other grantees named in the patent.

"13th. That said Moffitt did not, at said time, have any power of attorney, except the one mentioned in finding No. 6; and was not the guardian of said infants.

"14th. That the above was the only offer or attempt of said Moffitt to sell the interest of plaintiff in said lands, save and except the portion of the lands described in the deed to George Nay, mentioned in finding No. 4."

"16th. That, pursuant to said offer and attempt to sell the interests of plaintiff and said infants in said lands, the said John Moffitt executed and delivered to the defendants, except the defendant George Nay, certain deeds.

"17th. That the contents of said deeds are not known to the court, as none of them, except the one referred to in finding No. 4, have been offered or introduced in evidence."

It would seem that from these findings there could be but one conclusion, and that in favor of the plaintiff. Plaintiff's title, resting on a patent, was good, unless divested by sale. Now, take these findings in their strongest bearings toward the defendants, and they show that a sale was made by one claiming to be her attorney in fact, and that upon that sale, deeds were executed and delivered to the defendants. We leave Nay out of thought for the present. But those deeds are not shown. They are the written — the best — evidence of what the contract really was between the attorney and the defendants. It matters not what may have been the prior talk — the deed expresses the final contract; it is the evidence of the title conveyed. Now the execution, delivery and existence of these deeds were shown; indeed, one was presented on the trial and identified, but not offered in evidence. In other words, the defendants, who hold in their hands the written evidence of their purchase and their title, decline to produce it. Now we may indulge in no presumptions in favor of deeds or other instruments, when the party who must rely upon their validity and suffi-

1. Deeds not produced; presumption.

Nay v. Mograin.

ciency can, but does not, produce them. When collateral reference is made to an instrument, we sometimes rest on a presumption that it is complete and sufficient, but when upon it hinges the very title in issue, we indulge in no such presumptions. It must be produced, or it will be held insufficient to convey title. It is useless to speculate as to the defect in these deeds. Are there limitations on the title conveyed? Is the possession reserved as a security for the purchase-money? Are they, as counsel for defendants suggests, merely guardian's deeds? and if so, do they contain any disavowal of authority to act for plaintiff? Do they support or disprove defendants' claim of purchase and title? We can only guess, and we have no right to guess away the plaintiff's title. Counsel for defendants says in his brief, that "The fact that these deeds that the defendants spoke about were the guardian's deeds, was so well known and understood at the trial, that I cannot but regard these findings as highly disingenuous." Accepting this statement, though it is stoutly attacked by counsel on the opposite side, and turning to the evidence, we find that we are only led from one difficulty to another. The testimony plainly shows that defendants had no other deeds than these. The fact that no other deeds were given, makes strongly against their claim of a purchase of plaintiff's interest in the land. And evidence to sustain a parol purchase of land must be clear and positive. While the patent names the four heirs, the plaintiff included, defendants were content to receive only the deeds of the minors' interests, and sought no other. Thus they held for years, and until plaintiff asserted her rights in the land.

But conceding their understanding of the purchase to be correct, the statute of frauds interposes against them. They bought, and paid; they took possession, and improved. But payment will not take a parol purchase out of the statute of frauds; and possession and improvement must be referred to, and will be upheld under the written title they accepted. As purchasers

2. Statute of frauds; parol testimony; payment; entry and improvement.

of the minors' interests, they had a right to the possession, and might lawfully enter and improve. They became tenants in common with plaintiff, with equal right to enter. No action of trespass would lie against them. (*Edwards v. Fry*, 9 Kas. 417.) "What, then, it may be asked," said Woodward, J., in *Workman v. Guthrie*, 5 Casey, 495, "can there be no sale of land by parol among tenants in common where all are in possession? Certainly not, because the statute of frauds and perjuries forbids, and there cannot be such part performance as would take it out of the operation of that wise and salutary rule of titles." See also *Blakeslee v. Blakeslee*, 10 Harris, 257. Nor is it an answer to this, that their purchase of the minors' interests failed, and that the guardian's deeds passed no title. The only written title under which they entered was the guardian's deeds. They may not now invoke the failure of that written title to sustain a parol contract with another party, in the face of the positive prohibitions of the statute of frauds. Indeed, we do not know that such title has failed. Its validity was not in question in this action. Notwithstanding the finding that Moffitt was not the guardian of the minors, we see from the testimony that the probate court recognized him as their guardian, and ordered this sale, and received a report of the sale, and that he and a successor in office received the purchase-price. We know not what ratification or estoppel may have intervened to uphold these deeds as against the minors. But be that as it may, and even if that written title fails, their entry and improvements must be referred to that. Where there is an express contract, the law does not imply one. (*Perry v. Bailey*, 12 Kas. 539.) So where a party enters upon land under a written instrument purporting to convey the title of certain joint owners, he may not, upon a failure of the title thus conveyed, uphold a parol purchase from another joint owner by his entry and improvements. That which he does as an owner must be referred to that which apparently made him an owner. Part performance to uphold a parol purchase must be exclusive; must be referable solely to such purchase.

Part performance does not make the parol contract any stronger or more binding. It is still a contract which the statute declares inoperative to transfer title. Equity has interfered in cases of part performance to prevent one party from leading another on to the expenditure of labor and money in the melioration of an estate upon the faith of an agreement, and then denying the agreement. Yet its interference has been severely criticized, and many have doubted whether public policy has been subserved by any departure from the strict letter of the statute. In Browne on Statute of Frauds, § 492, the author says: "It should be remarked in conclusion, that the decided inclination of the judicial mind appears to be against extending, beyond those limits to which it has been carried by clear authority, the doctrine of enforcing oral contracts in equity, upon the ground of part performance." See also *Lindsay v. Lynch*, 2 Sch. & Lef. 4; *Forster v. Hale*, 3 Ves. 712; *O'Reilly v. Thompson*, 2 Cox, 271; *Parkhurst v. VanCortlandt*, 1 Johns. Ch. 284; *Phillips v. Thompson*, 1 Johns. Ch. 149.

We think it would be going much beyond established limits, to enforce a parol purchase of an undivided interest in land upon the strength of part performance, when there was a written conveyance intended as a conveyance of the larger interests in the land, under which possession was in fact taken and improvements made. The melioration of the estate will be presumed to have been made on the faith of the title apparently conveyed. Acts which presume a conveyance, will be referred to the conveyance, and that irrespective of the validity of that conveyance. We conclude, then, that both upon the findings and the testimony, the judgment of the district court was right.

We have treated this case as though the fact of a purchase of plaintiff's interest was unquestioned. So the defendants testify, and so also says the guardian and attorney in fact. But when we look at the order of sale, the advertisement, the appraisement and report of sale, and also the notes and mortgages given to secure the unpaid purchase-money, there

is nothing to indicate in the slightest degree a sale of anything other than the minors' interests. We have no reason to doubt the good faith of these defendants, but they were certainly very negligent, or else very badly overreached by the representations and acts of John Moffitt.

We have thus far been considering the case as it stands between the plaintiff and defendants other than Nay. His position is different. He claims to have purchased at a private sale, and a deed, purporting to be from John Moffitt, attorney in fact of plaintiff, was offered in evidence. Waiving any question as to whether this deed was anything more than the deed of John Moffitt, it appears that this deed had never been delivered, and that Moffitt had refused to deliver it until he should receive a hundred dollars. It also appears that Nay at the time of his purchase received a deed, but that deed was not offered in evidence. Much, therefore, that has already been said as to the effort to support a parol contract of purchase, applies here. And the deed actually offered cannot change the conclusion reached in the other cases. An undelivered deed is no deed. Whatever force it may

3. Deed, as evidence of sale.
have as evidence tending to prove the fact of the purchase, as a conveyance, or evidence of title, it amounts to nothing. It may be that Moffitt is a scoundrel, and trying to blackmail, and from the testimony in this case we are inclined to think he is. It would seem as though he had deliberately imposed upon all the defendants, and obtained money from them for a title which he did not, and did intend, to convey. Unfortunately for defendants, they placed too much confidence in him, and must suffer for his wrong. This deed was not only never delivered, but it also appears from the testimony, that at the time Moffitt proposed to deliver it for a hundred dollars, any authority he had to act for the plaintiff had been revoked. So that the facts are, that he did not deliver, that he demanded money as a condition of delivering, and that he then had no right to deliver. This leaves the defendant Nay in the same position substantially as the other defendants, attempting to uphold a parol

6—24 KAS.

contract of purchase by proof of acts properly referable to a different title conveyed, or attempted to be conveyed, by a written conveyance.

We have attempted, in this case, to pass beyond all the technical questions which counsel have discussed at length in their briefs, to consider the case upon its merits. We have examined all the testimony offered by defendants, that which was rejected as well as that which was admitted, and are forced to the conclusion that the judgment of the district court against them was in accordance with the law of the case. While they may have been misled by their ignorance, or their over-confidence in Moffitt, they show at best but a parol contract of purchase, with nothing which, according to the established rules of equity, will take the case out of the statute of frauds.

The judgment will be affirmed.

All the Justices concurring.