Goff v. Goff.

No. 19,658.

CHARLES GOFF, *Appellant,* v. THOMAS FRANKLIN GOFF , et al., *Appellees.*

SYLLABUS BY THE COURT.

1. ORDER FOR NEW TRIAL—*Grounds for Court's Ruling Stated in Record— Order Properly Made.* A statement in the record of an order granting a new trial, that the ruling was made on the sole ground that a special finding was not sustained by sufficient competent evidence, does not necessarily imply that the court would have approved such finding if it had been satisfied of the competency of all the evidence on the subject that had been admitted at the trial.

2. SAME. The entire record held not to show that a finding which was set aside would have been approved, except for the conclusion of the court that a part of the evidence ·introduced was incompetent and should therefore be disregarded.

3. FINDING OF JURY—*Set Aside—New Trial.* Where the court sets aside a finding which may have been in part the basis of the general verdict, a new trial must be granted unless the remaining findings in themselves require a judgment.

4. VERBAL PROMISE TO RECONVEY LAND—*Fraud—Trust.* The refusal to carry out a verbal promise to reconvey land, the title to which is transferred by a writing absolute on its face, can not in itself constitute such a fraud as to make the grantee a trustee for the grantor by operation of law. Nor will the mere fact that the parties are. father and son show such confidential relations as to change the rule.

5. ORAL CONTRACT—*Trust in Land—Part Performance—Question for Jury.* The petition and evidence held to be sufficient to take to the ·jury the question whether there had been such part performance of an oral contract creating a trust in real estate as to justify its enforcement, notwithstanding the statute of frauds in relation to such trusts.

Appeal from Graham district court; CHARLES W. SMITH, judge. Opinion filed June 10, 1916. Affirmed.

*Z. C. Millikin,* of Salina, and *W. W. McCanles,* of Kansas City, for the appellant.

*David Ritchie, G. A. Spencer,* both of Salina, and *W. L. Sayers,* of Hill City, for the appellees.

The opinion of the court was delivered by

MASON, J.: In April, 1885, Charles Goff, to whom certificates of purchase for eighty acres of school land had been issued, one-tenth of the purchase price being paid, assigned them to his father, Thomas F. Goff, who took possession, completed the payments, and in 1905 received the patent, thereafter making valuable improvements. In June, 1913, the son brought an action against the father (joining other defendants to whom conveyances had been made subject to a life estate) for the possession of the land, alleging "that he received no consideration for the assignment of said certificate of sale save the promise of said defendant to hold same in trust for him and have patent assigned to plaintiff after twenty years having paid out on said land." He also alleged in substance that in April, 1912, his father had put him in possession of the land in pursuance of such agreement, and that he had made valuable improvements. A trial resulted in a verdict for the plaintiff, but a new trial was granted. The plaintiff appeals from the order granting the new trial, and the defendant complains of various rulings which he asks to have reviewed.

1. A number of special findings were returned, all of which were approved, excepting one to the effect that the defendant had put the plaintiff in possession of the land under the agreement referred to, which was set aside. The journal entry, after stating that fact, continues: "for the sole reason that said finding is not sustained by sufficient competent evidence . . . the court should grant a new trial in this cause." The plaintiff testified that while living in Nebraska he had received two letters from his father; that he did not have them and did not know where they were, but that they stated in substance that if he would return home his father would turn over the land which he had been holding in trust and would build thereon a house for the plaintiff and his family. In behalf of the plaintiff substantially this argument is presented: The motion for a new trial was sustained solely because the court concluded that it had erred in admitting evidence of the contents of these letters, without better proof of their loss; no error was in fact committed in this respect because the only objection made to the evidence was too general to raise any

question regarding the nonproduction of the letters; therefore the new trial was granted upon a mistaken view of a pure matter of law, which can be corrected on appeal. A flaw in this reasoning lies in the assumption that the court, if convinced that the evidence regarding the letters had been properly admitted, would have approved the finding based in part thereon. We do not think the language of the entry, that the finding regarding the transfer of possession was not sustained by sufficient *competent* evidence, is to be interpreted as an assertion that it was sustained by sufficient evidence if that concerning the letters was to be considered. The finding could not be made a basis of the judgment without its having been affirmatively approved by the trial court, and its approval, subject only to the competency of certain evidence, can not be implied merely from the statement that it was not sustained by sufficient competent evidence.

2. The trial court filed a written opinion giving the grounds of his decision. The plaintiff suggests that this forms no part of the record, and can not overcome the recitals of the journal entry. It may, however, aid in the interpretation of the language there used. It indicates other grounds for the granting of the new trial, but these may be disregarded. It gives some color to the plaintiff's contention by enumerating error in the reception of the evidence of the contents of the letters as one basis for such action. But upon the whole it tends to strengthen rather than weaken the view that the court was unwilling to approve the finding concerning the change of possession.

3. Inasmuch as the verdict may have been based in part upon the finding which was set aside, it falls with it, and the order granting a new trial must stand unless it can be said that the remaining findings in themselves require a judgment for the plaintiff.

4. The finding relied upon as having that effect consists of an affirmative answer to this question: "Did the defendant, Thomas Franklin Goff, obtain an assignment of the certificate of purchase issued by the state, through the county of Graham for said lands from the plaintiff Charles Goff, upon an agreement that the said defendant would pay out on the land and hold the title to same in trust for said Charles Goff for 20 years,

and at the end of that time take the title thereto and hold it in trust for said plaintiff, Charles Goff, and deed it to him?" The agreement referred to was not in writing, and was rendered unenforceable by the statute forbidding the creation by parol of express trusts concerning lands. (Gen. Stat. 1909, § 9694; *Grantham v. Conner*, 97 Kan. 150, 154 Pac. 246, and cases there cited.) A trust did not arise by implication of law from the facts found. The plaintiff, as the holder of the school-land certificate, was practically the owner of the land, subject to the claim of the state for the unpaid purchase price. He assigned the certificate to his father for a recited money consideration. This amounted to a conveyance of the title, and in the absence of fraud or mistake is regarded as conclusive evidence of the transfer of the beneficial interest, precluding a showing of want of consideration for the purpose of establishing an implied trust. (15 A. & E. Encycl. of L. 1125; 39 Cyc. 116.) The finding does not disclose any circumstances outside of the mere agreement indicating that the grantee was not intended to take beneficially, nor that the grantee's promise to reconvey was made with a fraudulent purpose, nor that any fraud was practiced except as the failure to perform the promise might be regarded as amounting to fraud. The refusal to carry out a verbal promise to reconvey land the title to which is transferred by a deed absolute on its face can not in itself constitute such a fraud as to make the grantee a trustee for the grantor by operation of law. The fraud which will produce that result must be something more than the refusal to perform the oral contract, such as the use of deception or other unfair means in procuring the conveyance. (28 A. & E. Encycl. of L. 883; 39 Cyc. 171, 178, 179; Note, 39 L. R. A., n. s., 906, 911.) The matter is sometimes affected by the confidential relation of the parties to the contract (Note, *supra*, pp. 924, 926), but the mere fact that they are father and son does not establish the necessary dependence of one upon the other, such for instance as arose between an absentee father and his children in *Lehrling v. Lehrling*, 84 Kan. 766, 115 Pac. 556, or between an attorney and his client in *Bartholomew v. Guthrie*, 71 Kan. 705, 81 Pac. 491. We conclude that the finding of the jury that the father obtained the assignment of the certificate of purchase from his son upon an

Maris v. Street Railway Co.

agreement that he would pay out on the land and hold the title in trust for twenty years, and then, having completed payment and obtained a patent, make a reconveyance, does not show the existence of a trust arising by implication of law. Therefore no error was committed in granting a new trial.

5. The defendant complains of the overruling of a demurrer to the petition and to the plaintiff's evidence. The petition, besides setting out the oral agreement to reconvey the land, alleged that the plaintiff was induced at considerable expense to return from Nebraska by his father's promise that he should have the land; that he was placed in possession of it and made valuable improvements. These allegations were sufficient to constitute a cause of action on the theory of a part performance of the oral contract (Note, 39 L. R. A., n. s., 928; 39 Cyc. 52), and the plaintiff's testimony had some tendency to support each of them. Other assignments of error on the part of the defendant are either covered by what has already been said, or, in view of the granting of the new trial, do not require to be passed on.

The judgment is affirmed.