Bolin v. Krengel.

---

No. 25,159.

ARCH BOLIN, *Appellee,* v. JOHN KRENGEL, *Appellant.*

SYLLABUS BY THE COURT.

1. IMPLIED TRUSTS—*Absolute Deed—Oral Agreement by Grantee to Convey Land to Grantor's Children—Confidential and Fiduciary Relation of Parties—No Trust by Operation of Law Created.* In an action to enforce an implied trust growing out of the refusal of the grantee named in a deed absolute on its face to convey the property to the children of the grantor in accordance with his oral agreement to do so, a finding of the existence of such confidential and fiduciary relations between the grantor and grantee as to create a trust by operation of law is not supported by evidence that the grantee had been reared as a foster son of the grantor, had received financial favors at his hands, and was on terms of intimacy with him.

2. SAME—*Creation of Trusts.* Where one to whom a deed absolute on its face has been executed under an oral agreement that he will convey the land to the children of the grantor, subject to a life interest in their father, and thereafter the grantee signs a deed running to them and places it in his safety-deposit box with a writing directing its delivery by his administrator in case of his death, but only upon condition that he is to have a lien upon or interest in the property, no effect can be given to such deed to the children considered apart from the writing accompanying it. Any trust regarded as created by it must be such as the writing indicates.

3. SAME—*Express Trust in Land Created Only by Writing.* In the situation indicated in the foregoing paragraphs, neither the signing of the undelivered deed referred to, nor the fact that the original owner of the land remained in possession, can on the theory of a part performance take the case out of the operation of the statute forbidding the creation of express trusts concerning lands unless by a writing.

Appeal from Barber district court; GEORGE L. HAY, judge.· Opinion filed July 5, 1924. Reversed. ·

*S. S. Alexander,* of Kingman, for the appellant.

*Adrian S. Houck, Samuel Griffin,* and *W. E. York,* all of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

MASON, J.: On December 17, 1919, Arch Bolin, the owner of a section of land, executed to John Krengel a deed therefor. On January 30, 1921, Bolin brought this action against Krengel, seeking to compel a reconveyance of the land. Judgment was rendered requiring the defendant to execute a deed to the plaintiff's three children, subject to a life interest in the plaintiff. The defendant appeals.

. The trial court found that in 1919 there were several mortgages against the tract, which required renewal; that the plaintiff's wife refused to join with him in executing new mortgages, but was willing to sign a deed to the defendant to·enable him to make them, her purpose being to help her in getting a portion of her husband's property, there being some trouble between them, which shortly resulted in a divorce; that the relations between the plaintiff and the defendant were confidential and fiduciary, and the deed was executed in pursuance of an oral agreement that the defendant was to hold title for the plaintiff, execute new mortgages to take. care of those maturing, and convey the land to the three children of the plaintiff, the plaintiff, however, to have the use of the land as long as he lived, paying the taxes and the interest on the mortgages.

1. The deed, having been absolute on its face, passed a full title and the oral agreement was ineffective to create a trust. "No trust concerning lands except such as may arise by implication of law shall be created, unless in writing signed by the party creating the same, or by his attorney thereto lawfully authorized in writing." (R. S. 67-401.) A trust by implication would arise if the deed were procured by fraud, but the mere refusal of the grantee to carry out his spoken promise would not of itself constitute such fraud. If, however, the grantee occupied a confidential and fiduciary relation to the grantor, which was an inducement to the execution of the deed, a trust in favor of the latter might then arise by operation of law. These principles have become a part of the settled law concerning such transactions. (*Silvers v. Howard,* 106 Kan. 762, 190

Pac. 1, and cases there cited.) The correctness of the judgment, therefore, turns upon whether there was any evidence to support the finding that the defendant stood in a confidential and fiduciary position toward the plaintiff. Ties of blood are not sufficient in themselves to create that relation in the sense in which the language is used in this connection. (*Goff v. Goff*, 98 Kan. 201, 158 Pac. 26; Note, 39 L. R. A., n. s., 926.) The following is a summary of the only facts testified to as to the relations of the plaintiff and defendant at the time of the execution of the deed:

The defendant had a stepmother who made him stay outdoors. About four o'clock one morning, when he was five years old, he came to the place where the plaintiff, then a bachelor, lived with his mother, and asked for a dollar. The plaintiff gave him a dollar to feed the hogs, and he lived with the plaintiff from that time until after he was twenty-one, or near that. After the plaintiff was married and had children, the defendant (who was then ten or twelve years old) was treated as one of them. The plaintiff assisted him financially while he lived with him—gave him a team of horses and gave him land to farm, part of his own place. He let him rent from other people and took nothing for the board of his hands. In 1900 or 1901 he furnished him money to buy a farm in Pratt county— assisted him in making payments on it. After the defendant left the Pratt county farm he came back to the plaintiff's place, where he lived for a year or more. The defendant worked for the plaintiff off and on and was paid for his services. The foregoing matters are from the testimony of the plaintiff. The defendant testified that the plaintiff's mother died about 1895 or 1896; that for two years the plaintiff and the defendant "batched together"; that they farmed in partnership awhile in Barber county, and about 1904 the defendant bought his land; that the defendant and plaintiff continued to visit back and forth, even after the defendant was married, in 1907; that for a number of years thereafter they worked back and forth, as their farms were not far apart. It appears that in 1913 the plaintiff bought an eighty-acre tract from the defendant, giving his note for $970 in part payment. In the present action a judgment for $842.97 was rendered thereon in favor of the defendant.

The evidence shows that the two men were intimate, that the defendant was under obligations to the plaintiff—was his foster son; but it does not indicate a relationship between the two more favorable to the plaintiff's contention than if they had been father and

son. We hold the finding that their relations were confidential. and fiduciary, as those words are used in·the situation here presented, to be without support in the evidence, and the decision that an implied trust was created must therefore be set aside. That a trust may arise in favor of one who makes a deed to another, it' is not enough that the grantor shall repose confidence in the grantee— shall believe in his integrity and rely upon his promise to dispose of the land in accordance with an oral agreement. Those conditions exist in practically all the cases in which the promisee is held to be without remedy. The defendant cannot be said to have employed any artifice or persuasion to induce the plaintiff to convey the land to him. The project was entirely that of the plaintiff, the defendant merely acquiescing in his plan.

2. The defendant's version of the transaction is that it was orally agreed he should hold the title until the death of the plaintiff. and then deed the land to his children, the defendant to be treated as one of them and to receive a fourth interest. On January 10, 1920, the defendant signed a deed for the land, naming the three children of the plaintiff's as grantees, and placed it in his safety-deposit box with a writing directing that in case of his death his administrator should deliver it to them, provided they gave the administrator $8,000 in cash or a mortgage for that amount on the land; otherwise the property to be sold and divided, one-fourth to each of the plaintiff's three children, and one-fourth to the defendant's children collectively. It is suggested that this deed, although never delivered, may serve as a foundation for enforcing the oral agreement found by the court, either as a writing sufficient to satisfy the statute or as a part performance. The deed and the accompanying writing must be regarded as parts of the same transaction. One cannot be given effect without the other. And if they can be given effect at all it must only be in accordance with the contents of both documents. (See, as having some bearing upon the matter, the -earlier part of the opinion in *Brender v. Stratton,* 216 Mich. 166, 22 A. L. R. 728.)

3. We do not regard the signing of the undelivered deed or the retention of possession by the grantor as constituting such a part performance of the oral agreement as to take it out of the operation of the statute.

The deed to the plaintiff's children was afterwards destroyed, and on October 29, 1920, the defendant signed a deed running to the

plaintiff himself, and placed it in his safety-deposit box with a writing directing his administrator to deliver it in exchange for a mortgage on the land for $7,500. The effect of this deed is not different from that of the first one.

The judgment is reversed and the cause remanded with directions that the defendant shall be given a lien for $8,000 or an equal interest with each of the plaintiff's children as a condition to his being required to execute a deed to the children subject to a .life interest of the plaintiff.