RACHEL ANN GEE *et al.* v. M. S. THRAILKILL *et al.*

1. EXPRESS TRUST, *to be in Writing.* Under the laws of Kansas, an express trust concerning real estate can be created only in writing.
2. ——— *Parol Trust, Void.* Therefore, where an owner of real estate conveyed the same in fee to another by a general warranty deed absolute upon its face, with the expressed consideration of $1,500, but with no actual consideration except a parol understanding between the parties that the grantee should sell or mortgage the property and thereby obtain funds for the grantor, and should convey back to the grantor, whenever he might so desire, any part of the property remaining in the grantee's hands, *held,* that the parol trust with respect to such real estate was void, and the deed of conveyance was absolute and valid.

*Error from Harper District Court.*

THE opinion states the facts. Judgment for the plaintiffs, *Thrailkill* and wife, at the October term, 1887. The defendants, *Gee* and wife, bring the case to this court.

*Geo. E. McMahon,* for plaintiffs in error.

*H. C. Finch,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Harper county on June 11, 1886, by M. S. Thrailkill and Dora Thrailkill, husband and wife, against Rachel Ann Gee and Edwin Gee, wife and husband, to obtain the title to certain real estate situated in the city of Harper. The case was tried before the court without a jury, and the court found generally in favor of the plaintiffs and against the defendants, and rendered judgment accordingly; and the defendants, as plaintiffs in error, have brought the case to this court for review.

The following are among the admitted facts: M. S. Thrailkill and Mrs. Gee were and are brother and sister. On May 3, 1884, the Thrailkills owned and occupied as a homestead the property in controversy, but on that day they executed a general warranty deed therefor to Mrs. Gee, with the expressed consideration of $1,500, which deed was duly acknowledged and recorded. Afterward the property was occupied, at one time by a tenant, at another time by the Gees, but generally by the Thrailkills, and it was occupied by the Thrailkills at the commencement and during the prosecution of this action. With respect to most of the remaining facts the evidence was directly and irreconcilably conflicting. Thrailkill testified to one state of facts, while Mrs. Gee and her husband testified to a wholly different state of facts — Thrailkill contradicting the testimony of the Gees, and they contradicting his testimony; but as the court below found in favor of the Thrail-

kills and against the Gees, we must decide the case upon the theory that the testimony of Thrailkill was and is correct, and the contradictory testimony of the Gees is not true. Thrailkill's testimony is substantially as follows: He testified that at the time of the execution of the aforesaid deed his wife and one of his two children, a daughter, were sick, and their physician advised that they should be removed from that locality, and they all finally agreed to remove to the state of Colorado; and believing that they might need additional funds while there, conveyed the property in question to Mrs. Gee as aforesaid, without any consideration whatever except the parol understanding that Mrs. Gee might sell or mortgage the property and thereby obtain funds to send to them in Colorado; and that she should convey back to them whenever they might so desire any part of the property remaining in her hands; that the sick daughter died; that they did not go to Colorado; that Mrs. Gee did not sell or convey any of the property and has never conveyed back to them any part of the same, and that they have never in fact received from Mrs. Gee or from any one else the slightest consideration for the property. Now if all this testimony of Thrailkill's were true, then the property was conveyed to Mrs. Gee for the sole purpose that she might hold it for them in trust for the aforesaid specified purpose, and such trust was created by the parol agreement of the parties, and was an express trust. Would such a trust be valid? It was not created in writing, but, if created at all, was created only in parol. The deed of conveyance was absolute and unconditional upon its face; conveyed the property in fee without the slightest reservation or condition; it contained all the usual covenants and made no attempt to create a trust. Therefore the trust, supposed to have had an existence, was created wholly by the parol agreement of the parties, in contradiction of the written terms of the deed of conveyance, and destroying its terms and its tenor and effect to a great extent. Such a trust cannot be created under the laws of Kansas. (Act relating to Frauds and Perjuries, § 5; Act relating to Conveyances, § 8; Act relating to Trusts and

Powers, § 1; *Morrall v. Waterson*, 7 Kas. 199; *Knaggs v. Mastin*, 9 id. 532; *Ingham v. Burnell*, 31 id. 333.)   Under the laws of Kansas, an express trust concerning real estate can be created only in writing.   The trust in the present case was not so created, and therefore it was void, and the deed from Thrailkill and wife to Mrs. Gee was absolute and valid.

We think the court below erred in overruling the defendant's demurrer to the plaintiff's petition, the defendant's demurrer to the plaintiff's evidence, and the defendant's motion for a new trial.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.