Small v. Small.

No. 22,706.

A. C. SMALL et al., by HARRIETT M. SMALL, their Next Friend, et al., *Appellants*, v. H. B. SMALL, *Appellee*.

SYLLABUS BY THE COURT.

1. TRUST IN LANDS—*Implication of Law—Pleadings—Error to Strike Certain Statements of Facts from Petition*. In an action to establish a trust in lands and other property by implication of law, where the plaintiffs claim that the defendant procured from his mother in her lifetime transfers of all her property under an oral trust agreement that upon her death he would make an equitable distribution of it between himself and the plaintiffs, it was *error* to sustain a motion to strike from the petition statements of facts and circumstances tending to show the existence of a fiduciary relation between the defendant and his mother inducing her to make the conveyance and oral agreement.

2. SAME—*Single Cause of Action Stated in Petition*. In an action to establish a trust in lands and other property and for an accounting, it is held that the petition states but a single cause of action, and that it was error to sustain a motion requiring the plaintiffs to separately state and number different causes of action.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed June 5, 1920. Reversed.

*E. C. Wilcox*, and *Myrtle Youngberg*, both of Anthony, for the appellants.

*T. A. Noftzger, George W. Cox*, both of Wichita, and *R. P. McCulloch*, of Trenton, Mo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: Melissa J. Small, a widow, died intestate. She was the mother of three children, Albert, Reuben, and H. B. Small. Albert and Reuben died, intestate, prior to the death of their mother. Their children, the plaintiffs, and H. B. Small, defendant, are the only heirs at law of Melissa J. Small. The action is one in which plaintiffs seek to have certain property belonging in her lifetime to Mrs. Small decreed to be held by defendant as a trustee of a constructive trust for the use and benefit of all the heirs. It was alleged in the petition that soon after his mother's death the defendant took possession of

all the property, consisting of real estate in Harper county, and moneys to the amount of about $5,000, secretly disposed of or appropriated it to his own use, and has refused to disclose to plaintiffs the instruments or conveyances by which he claims to own the property. The court sustained defendant's motion to strike from the petition statements in substance to the following effect:

In her declining years Melissa J. Small frequently expressed a desire for an equitable distribution of her property among her children and grandchildren; for several months before her death she was much concerned about that matter; the defendant, taking advantage of this condition of her mind, and contriving and intending to secure from her the whole of the estate, induced her to intrust him with the property on the representation that he would see that her estate was equitably and justly distributed between himself and the grandchildren; that he frequently called his mother's attention to other estates that had been dissipated by court proceedings, and gave her a number of instances where transfers of such property had been made to one member of the family, who afterwards saw to an equitable distribution; and he offered his services to her for that purpose, and so continued to work upon her feelings until [she yielded to his demands]. All of this part of the petition, save and except the words "she yielded to his demands," were stricken out on the ground that it was redundant, irrelevant, and evidential. The motion was filed in January, 1919, shortly after the action was commenced. It was sustained in June, and the defendant was given twenty days to answer the petition as it stood with the portion stricken out. In October, having looked the petition over again, defendant came to the conclusion there was not enough left to constitute a cause of action, and filed a perfectly good demurrer. Without pressing the demurrer, he filed a motion to require plaintiffs to separately state and number their causes of action. At this stage of the proceeding plaintiffs appealed from the order striking out parts of the petition, and also assigned as error the order requiring several causes of action to be separately stated and numbered.

In support of the court's ruling, defendant thus states his contention:

"The words stricken from the petition are merely nonessential averments of alleged reasons why the said Melissa Jane Small placed her property in charge of the defendant to be distributed at her death. We submit that if the plaintiff can prove that Melissa Jane Small in her lifetime did place her said property in charge of the defendant to be distributed at her death, it would neither be necessary nor proper for them to prove her reasons for doing so. Such averments, therefore, cannot affect the rights of the parties, and it was within the discretion of the trial court, on motion of the defendant, to order them stricken out."

The general rule that evidence should not be pleaded does not state the whole law of pleading. It often occurs that the facts which are essential to show a cause of action are evidentiary in character. In pleading fraud it is necessary to allege the facts which it is claimed show the fraud, and likewise necessary to prove facts of the same general character. In the circumstances of this case, where the plaintiffs rely upon a trust arising by implication of law, it was necessary to show the existence of a fiduciary relation between the defendant and his mother, inducing the transfer to him of her property.

The defendant, in support of his contention, cites the case of *Drake v. National Bank,* 33 Kan. 634, where it was held that "allegations of what the parties intended or desired, or why they made the contract, or why they made it as it was made, and what the parties understood and agreed to be its 'legal purport and effect,' are irrelevant and redundant—mere surplusage." (Syl. ¶ 1.) The Drake case is not at all in point. The action there was upon a contract in writing and, of course, the terms of the contract could not be varied by evidence of what induced the parties to make it, or what they understood was its legal effect. If plaintiffs in the present case relied upon a written contract they would not be asking a court of equity to establish a constructive trust by implication of law. They are relying in part upon an oral agreement, or arrangement, not in writing, and which, of itself, would not be sufficient to raise the implication of a trust; but which, under certain conditions, may be used by a court of equity in aid of such implication. That the court struck from the petition matters of vital importance to plaintiffs' cause of action is apparent from a very recent decision (*Silvers v. Howard,* 106 Kan. 762), which may be said to answer every contention

Small v. Small.

raised by the defendant.   In that case the court had under consideration section 1 of the trust statute (Gen. Stat. 1915, § 11674) prohibiting the creation of a trust concerning lands unless in writing (except such as may arise by implication of law).   The statute and the exceptions in the statute were carefully analyzed, and it was held:

"If a fiduciary relation exist between the grantor and grantee in a deed absolute, and the deed be induced by the relation for a trust purpose, breach of the confidence reposed may amount to constructive fraud, from which a trust may arise by implication of law.   (Syl. ¶ 4.)

"If such a conveyance be accompanied by an oral trust agreement, the agreement may be considered as one of the circumstances of the case. It may aid implication of a trust, but it is not sufficient, standing alone, to raise the implication."   (Syl. ¶ 5.)

In the opinion it was said:

"The mere fact that a conveyance is made by a child to a parent or by a parent to a child, without consideration, is not enough to raise a trust by implication.   (*Clester v. Clester*, 90 Kan. 638, 135 Pac. 996.)   There must be a confidential relation, a transaction induced by the relation, and a breach of the confidence reposed.   When those conditions are satisfied, the law implies a trust."   (p. 769.)

It was error to sustain the motion to strike out.

While a motion to separately state and number is addressed largely to the discretion of the court and is, ordinarily, not reviewable, it is manifest that but one cause of action was stated.   Before a court of equity can mold the proper decree in a case of this kind there must be an accounting, which is only an incident to the real cause of action.

The judgment will be reversed and the cause remanded for further proceedings.