No. 27,394.

HENRIETTA MICK, *Appellant*, v. E. B. BUTLER, *Appellee*.

SYLLABUS BY THE COURT.

1. TRUST—*Express Trust Arising on Sale of Land.* Under the laws of Kansas an·express trust arising on the sale of land cannot be created except it be in writing.

2. SAME—*Express Trust—Pleading.* The petition of plaintiff sets up an express trust in land created by an oral contract, and it is held that the demurrer to the petition was rightly sustained.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed May 7, 1927. Affirmed.

*F. J. Oyler*, of Iola, and *Lee D. Seelig*, of Kansas City, Mo., for the appellant.

*Oscar Foust, John W. Brown* and *Kenneth H. Foust*, all of Iola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question involved·in this appeal is whether or not an amended petition of plaintiff was open to a demurrer which was sustained by the court.

Plaintiff, Henrietta Mick, alleges that she was a member of and interested in the Pentecostal Church at Gas, Kan., which was with-· out a home or building suitable for holding church services, and desiring to aid in building a church there, she orally agreed with E. B. Butler, the·defendant, a leading member of that church, that she would turn over to him in trust for the benefit of the church a certain lot previously purchased, to be used for church purposes, on the

Trusts, 39 Cyc. pp. 46 n. 53, 627 n. 91.

condition that if the building ceased to be used for church purposes the same should revert to her. She stated that Butler orally accepted the trust and with it the sale contract which she had of the property, and that in June, 1921, she paid Butler $75 to make final payment on the purchase price of the lot. Later she learned he had caused a deed to be executed in his own name, based on the assigned contract, in violation of his agreement, and caused the same to be recorded on February 25, 1921. That sometime in the early part of 1924, the exact date being unknown, the church ceased to use the property for church purposes, and that Butler on August 4, 1924, without the knowledge or consent of the plaintiff, sold the property to one Isabel Wright, and converted the proceeds of it to his own use and benefit. It is alleged that the property at the time was worth the sum of $800 and that she has been damaged to that extent. There is an added allegation that she never discovered that the defendant had taken the deed to the property in his own name or had sold the same until sometime in the month of January, 1925. when she demanded payment from Butler, which was met with a refusal, and she prayed judgment for the sum of $800 with interest from August 4, 1925. To this petition defendant filed a demurrer on two grounds, first, that it did not state facts sufficient to constitute a cause of action, and second, upon its face it showed that the alleged cause of action was barred by the two-year statute of limitations. This demurrer was sustained by the court. In ruling upon the demurrer the trial court, after reciting the facts alleged in the petition and asserted fiduciary relations of the parties, stated in a memorandum opinion that:

". . . The pleading sets up an express trust created by oral contract. The fiduciary relations arise by reason of this express oral contract, and the fiduciary character of the transaction is alleged to have been created by the very contract upon which the cause of action is based. It is not a case of fiduciary relations already existing and a trust thereafter arising by reason of the wrongful act of the one in whom the confidence was reposed. The petition does not set out a trust created by law or a resulting trust. It sets up an express trust created by oral contract, and this is squarely interdicted by our statute. Therefore the court believes that the statement of such a trust is not the statement of a legal obligation and that therefore the demurrer is well taken on that ground."

Some comment was made by the trial court in regard to when the statute of limitations would begin to run on trusts, but as the first ground of the demurrer was sustained, there was no occasion to consider the second ground. The petition sets up the elements

of an express trust. It was created and exists by virtue of a specific oral agreement and if a trust exists at all, it is an express trust and cannot be regarded as a.resulting or constructive trust. It is not an enforceable one. It involves the sale of land and under our statutes and repeated decisions an express trust concerning real estate cannot be created except it be in writing. (R. S. 33-106; *Knaggs v. Mastin,* 9 Kan. 532; *Brake v. Ballou,* 19 Kan. 397; *Ingham v. Burnell,* 31 Kan. 333, 2 Pac. 804; *Gee v. Thrailkill,* 45 Kan. 173, 25 Pac. 588.)

The petition failed to state a cause of action and therefore the ruling of the district court upon the demurrer must be affirmed.