No. 29,039.

HELEN M. MULLEN et al., *Appellants*, v. THOMAS J. HUME et al., *Appellees*.

(285 Pac. 626.)

Opinion filed March 8, 1930.

*David F. Carson* and *William Drennan,* both of Kansas City, for the appellants.

*C. W. Trickett,* of Kansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs, Helen M. Mullen and Claude L. Peterson as administrator of the estate of Joseph C. Hume, deceased, prosecuted this action against Thomas J. Hume and against James Stewart as register of deeds of Wyandotte county to have Thomas J. Hume declared a trustee of certain real property for the use and benefit of plaintiffs; to have certain deeds signed by Joseph C. Hume where Thomas J. Hume was named as grantee declared illegal, void and of no effect; to have the plaintiffs declared to be the owners of the property; and to restrain the register of deeds from filing for record any instruments affecting the title to the property. Judgment was rendered in favor of the defendants on the petition of the plaintiffs and the opening statement of their counsel. The plaintiffs appeal.

The petition alleged—

"That prior to the death of the said Joseph C. Hume, the deceased, without consideration and as a matter of convenience, signed deeds to the above-described real property, wherein Thomas J. Hume was named as grantee, the exact reason for said conveyances being unknown to these plaintiffs, but known to the defendant herein and him only, which deeds were thereafter placed upon record by some one unknown to these plaintiffs . . . and said conveyances as hereinbefore set out were for the use of and to the con-

venience of said deceased, and made to the defendant, Thomas J. Hume, as trustee, for the use and benefit of deceased as hereinbefore alleged . . .

"That on or about the 10th day of January, 1921, said deeds were recorded in the office of the register of deeds of Wyandotte county, Kansas, by some one unknown to these plaintiffs . . . that said deeds were never delivered. . . ."

Copies of the deeds, three in number, were attached to the petition. They were recorded on January 10, 1921. One was acknowledged on July 26, 1915, one on November 1, 1917, and one on September 11, 1918. The petition alleged that at the time of his death Joseph C. Hume was the owner of the property in controversy; that the plaintiff, Helen M. Mullen, was his daughter and only heir at law; that Thomas J. Hume was his brother; and that close relations existed between Joseph C. Hume and Thomas J. Hume. Joseph C. Hume died on October 11, 1927.

We quote from the trial statement of the appellants, as shown by their abstract, as follows:

"By Mr. Carson: In this action, if your honor please, this plaintiff is Helen M. Mullen. This is an action brought by Helen M. Mullen and Claude L. Peterson as administrator of the estate of Joseph C. Hume, against Thomas J. Hume and James Stewart as register of deeds of Wyandotte county, Kansas, to set aside certain deeds that were made.

"I cannot give you the exact date when these deeds were made, but they were made—some of them—in 1915, I think, and some in 1917, and some in 1918, by Joseph C. Hume. I don't know whether your honor will remember him or not. He was a cripple that used to live here on Minnesota avenue. He was somewhat crippled.

"The Court: What do you charge—fraud?

"Mr. Carson: Well, we can charge constructive trust, and the nondelivery of the deeds, and also the fact that the property was conveyed back to this man after he—before his death, by his brother. Here are the facts, as I understand them: . . .

"These conveyances were made to Thomas Hume of convenience, the exact reason I don't know. At any rate, the deeds never appeared on the records here till 1921, and the evidence will show that Thomas J. Hume, who now claims that he did not have a thing to do with that until sometime right near or immediately after the death of Joseph C. Hume, or maybe a little before that time—anyway, these deeds stayed in the register of deeds' office and never were taken out by anybody. . . .

"The evidence further discloses that the filing of these deeds by somebody was not a delivery . . ."

The deed dated September 11, 1918, showed the cancellation of $4 in revenue stamps by "T. J. H."

There is no allegation in the petition that any trust was created by any writing; neither was there any statement made by counsel for the plaintiffs that a trust had been created in that manner. The petition did not charge any fraud and when counsel for the plaintiffs, in his trial statement, was asked by the court if fraud were charged, he did not say it was, but said, "We can charge constructive trust and the nondelivery of the deeds." The petition alleged facts which showed that the deeds had been delivered by the grantor to some one for the purpose of having them recorded. The petition did not allege that the deeds had been recorded without the consent of Joseph C. Hume, the grantor therein, and in the trial statement it was not stated that the deeds had been recorded without his consent.

Section 67-401 of the Revised Statutes reads:

"No trust concerning lands except such as may arise by implication of law shall be created, unless in writing signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

Under the circumstances disclosed by the petition and trial statement a constructive trust could arise only if fraud had been practiced by the grantee on the grantor. (*Clester v. Clester,* 90 Kan. 638, 135 Pac. 996; *Silvers v. Howard,* 106 Kan. 762, 768, 190 Pac. 1; *Small v. Small,* 107 Kan. 122, 125, 190 Pac. 623; *Winkler v. Korzuszkiewicz (Shusky),* 112 Kan. 283, 286, 211 Pac. 124; *Ogg v. Ogg,* 122 Kan. 244, 252 Pac. 205.)

The judgment is affirmed.