No. 29,582.

Lizzie Vaughn and George Vaughn, *Appellees*, v. John F. Cass. and Agnes R. Cass, *Appellants*.

(293 Pac. 487.)

Opinion filed December 6, 1930.

*Carroll Walker*, of Frankfort, for the appellants.

*W. W. Redmond* and *P. G. Wadham*, both of Marysville, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to impress a trust on a portion of a city block. A demurrer to the amended petition was overruled, and defendants appeal.

Plaintiffs are husband and wife, and defendants are husband and wife. For convenience, the names Vaughn and Cass will be used.

Vaughn entered into a contract with Lindsey whereby Lindsey agreed to sell and convey the land to Vaughn for $350, $40 in cash and the remainder to be paid later. Vaughn bought a house of Cass for $525, and paid cash for it. Cass moved the house to the land, and was to be paid $300 for his work. Cass also furnished labor and material to excavate a cellar and construct a foundation for the house, for which he was to be paid $400. Vaughn claimed a credit of $45 for labor which Vaughn furnished to Cass. Vaughn enlarged the house and otherwise improved it, at an expense of $211.50. Vaughn assigned the Lindsey contract to Cass, Cass paid Lindsey the balance due on the purchase price, and Cass took a deed to himself. Cass insured the house in his own name, the house was destroyed by fire, and Cass collected the insurance money. Cass mortgaged the land for $700, and the mortgage is still undischarged.

The sums of money appearing in the foregoing statement are taken from the original petition. That petition is not consistent with itself, the sums stated do not correspond with those given in the amended petition, and they do not correspond with those given in Cass' answer. The amounts, however, are not material to solution of the legal question raised by the demurrer to the amended petition.

The petition charged that Cass took title from Lindsey without the knowledge or consent of Vaughn; that Cass ousted Vaughn from possession; that Cass held possession as a trustee *ex maleficio;* and that as such trustee Cass was accountable for the land, for rent and profits, for insurance money, for the amount of the $700 mortgage, and for damages. Cass answered. The answer stated that Vaughn owed Lindsey $300 on the purchase price of the land; owed Cass $538.50 for labor and material; owed a lumber company $388.79 for material for remodeling the house; owed $26.40 for electric light fixtures; and that with affairs in that situation Vaughn sold the land to Cass, and assigned to Cass the Lindsey contract. When confronted with this answer Vaughn executed an about face and

filed an amended petition which repudiated the basis for relief disclosed by the petition. The burden of the amended petition was that, after the house was completed Vaughn desired to obtain a loan to take up his indebtedness, and to obtain additional funds, and that he assigned the Lindsey contract to Cass to enable Cass to take title and obtain a sufficient loan, after which the land was to be deeded to Vaughn. The following are the controlling allegations of the amended petition:

"The defendant, John F. Cass, on or about September 4, 1925, orally represented to plaintiffs that he (John F. Cass) was a man of substance and financial worth, and could obtain a greater loan than would be advanced upon the credit of plaintiffs, and if the plaintiffs would assign their contract of purchase to him, he (John F. Cass) would take the title to said tract of land in his own name for the sole purpose of negotiating a loan to pay the balance of purchase price and to reimburse himself (John F. Cass) in accordance with his contract of employment, and that he would hold the land in trust for the plaintiffs, and after negotiating such loan would convey said land to plaintiffs, subject to the mortgage indebtedness thus created, which mortgage indebtedness the plaintiffs should and would assume and pay, . . ."

Cass answered again, but by permission of the court withdrew the answer and filed the demurrer which was overruled.

This is a plain case of an attempt to create an express trust by oral agreement, and the attempt was nugatory because of the first section of the statute of trusts and powers, which reads as follows:

"No trust concerning lands except such as may arise by implication of law shall be created, unless in writing signed by the party creating the same, or by his attorney thereto lawfully authorized in writing." (R. S. 67-401.)

Vaughn contends, however, that R. S. 67-408 applies. That section and the section to which it refers read as follows:

"When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections." (R. S. 67-406.)

"The provisions of the section next before the last shall not extend to cases . . . where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money or some part thereof." (R. S. 67-408.)

The amended petition alleged that Vaughn purchased the land on October 11, 1924, that he was placed in possession by the vendor, and that he proceeded to improve the land in the manner which has been described. The amended petition then alleged that he was

indebted to Lindsey and to Cass, and on September 4, 1925, he made his agreement with Cass. When the agreement was made nobody was buying anything from Lindsey. Vaughn had purchased the land almost a year before. He had paid $40, and owed the remainder of the price. Whether he was equitable owner of the land or not, he had a substantial interest in the land, which included possession and power to obtain legal title. He transferred his interest to Cass by the following instrument in writing, which was duly executed and acknowledged, and was attached to the Lindsey contract:

"Know all men by these presents, That Lizzie Vaughn and George Vaughn, husband and wife, of Marshall county, in the state of Kansas, the [vendees in the] within contract hereto attached, in consideration of the sum of one dollar and other consideration to them in hand paid, the receipt whereof is hereby acknowledged, do hereby sell, assign, transfer, and set over and convey unto John F. Case, of Frankfort, Kan., his heirs and assigns, the within contract, the real estate conveyed in the attached contract, debts and claims thereby secured, and the covenants therein contained, to have and to hold the same forever, subject nevertheless to the conditions therein contained."

That was the conveyance in this case.

In the case of *Goff v. Goff*, 98 Kan. 201, 158 Pac. 26, Charles Goff purchased school land, paid one-tenth of the price, and received certificates of purchase (school land contracts). He assigned the certificates to Thomas F. Goff, on the oral understanding the assignee would complete the payments, obtain a patent, hold the land in trust for Charles Goff, and ultimately convey to Charles Goff. In the opinion it was said:

"The agreement referred to was not in writing, and was rendered unenforceable by the statute forbidding the creation by parol of express trusts concerning lands. . . . A trust did not arise by implication of law from the facts found. The plaintiff, as the holder of the school-land certificate, was practically the owner of the land, subject to the claim of the state for the unpaid purchase price. He assigned the certificate to his father for a recited money consideration. This amounted to a conveyance of the title, and in the absence of fraud or mistake is regarded as conclusive evidence of the transfer of the beneficial interest, precluding a showing of want of consideration for the purpose of establishing an implied trust. . . . The refusal to carry out a verbal promise to reconvey land the title to which is transferred by a deed absolute on its face cannot in itself constitute such a fraud as to make the grantee a trustee for the grantor by operation of law. The fraud which will produce that result must be something more than the refusal to perform the oral contract, . . ." (p. 204.)

In this instance Vaughn paid a little more than one-tenth of the price, took a contract, and assigned the contract to Cass, who was to pay the amount due on the contract, and deed to Vaughn.

Vaughn distinguishes the Goff case on the ground the decision rested on what the court said about fraud. As indicated by the quotations from the opinion, it dealt with three kinds of trust: first, express trust, which could not be created without writing, as in this case; second, implied trust; and lastly, trust based on fraud. The result was the assignor of the contract could not recover on any theory of trust.

Vaughn further distinguishes the Goff case on the ground that in this instance the trust was an active trust. The decision in the Goff case did not turn on the distinction between active and passive trusts. But what was Cass to do? He was to use the land to get money for Vaughn's benefit, and then was to convey to Vaughn. That was the purpose of the conveyance in the case of *Gee v. Thrailkill*, 45 Kan. 173, 25 Pac. 588. The syllabus reads:

"Under the laws of Kansas an express trust concerning real estate can be created only in writing.

"Therefore, where an owner of real estate conveyed the same in fee to another by a general warranty deed absolute upon its face, with the expressed consideration of $1,500, but with no actual consideration except a parol understanding between the parties that the grantee should sell or mortgage the property and thereby obtain funds for the grantor, and should convey back to the grantor, whenever he might so desire, any part of the property remaining in the grantee's hands, *held,* that the parol trust with respect to such real estate was void, and the deed of conveyance was absolute and valid." (Syl. ¶¶ 1, 2.)

In the case of *Mick v. Butler*, 123 Kan. 566, 256 Pac. 158, Mick had purchased a lot on contract. She assigned the contract to Butler, and she afterwards paid the balance due on the contract. Butler took a deed in his own name. The contract was assigned on the oral agreement the lot was to be used for church purposes, and if such use were discontinued the lot was to revert to Mick. Use of the lot for church purposes was discontinued, and Butler conveyed to a third person. The court held the trust attempted to be created was an express trust, the attempt failed because the agreement was not in writing, and Mick could not recover from Butler for defeating return of the lot to Mick. In this instance Vaughn assigned his contract to Cass, and Cass, not Vaughn, paid the balance due on the contract. Cass took the deed in his own

name. Vaughn assigned the contract to Cass on Vaughn's parol agreement that the land should come back to Vaughn. The trust attempted to be created was an express trust, and the attempt failed because the agreement was not in writing.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the amended petition.